**Shun XIAO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–70897.**

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2004.*

Decided May 12, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joseph S. Porta, Law Offices of Cohen & Kim, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Lagu-na Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, Leslie McKay, William C. Peachey, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, KOZINSKI, and PAEZ, Circuit Judges.

MEMORANDUM **

Shun Xiao, a native and citizen of the People's Republic of China, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") denial of withholding of removal and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Guo v. Ashcroft,* 361 F.3d 1194, 1203 (9th Cir.2004), and grant the petition for review.

█ The evidence compels a finding that Xiao's arrest, detention, and brutal mistreatment rises to the level of persecution. *See id.* The government arrested and mistreated Xiao because he organized and led a labor protest and campaigned against official corruption, which compels a finding that he was persecuted on account of his anti-government political opinion. *See, e.g., Grava v. INS,* 205 F.3d 1177, 1181 (9th Cir.2000) ("Refusal to accede to government corruption can constitute a political opinion for purposes of refugee status.").

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner concedes that we lack jurisdiction to review the IJ's determination that Xiao was statutorily ineligible for asylum under the one-year bar. *See Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001).

■ Because Xiao has established past persecution on account of political opinion, the government bears the burden of proof by a preponderance of evidence that there has been a fundamental change in circumstances such that Xiao's life or freedom would not be threatened upon return to China. *See* 8 C.F.R. § 1208.16(b)(1). Substantial evidence does not support the IJ's finding that the government rebutted the presumption of future persecution given the conditions placed upon Xiao when he was released from custody, the police threat to Xiao's wife, evidence that the police were still looking for him after his departure from China, and the country conditions evidence showing intensified crackdowns on political dissent and numerous serious human rights abuses. *See, e.g., Kataria v. INS,* 232 F.3d 1107, 1115 (9th Cir.2000); *see also Rios v. Ashcroft,* 287 F.3d 895, 902 (9th Cir.2002) (holding that the continued presence of family members in the country of origin is not determinative unless there is evidence that the family was similarly situated); *see also* 8 C.F.R. § 1208.16(b)(3)(ii).

Moreover, Xiao credibly testified that the police charged him in 2000 with "contacting a foreign reactionary force in the attempt to over[throw] the communist party" after he mailed banned Falun Gong materials to his mother in China, heightening the likelihood of future persecution. *See Navas v. INS,* 217 F.3d 646, 652, n. 3 (9th Cir.2000) (accepting factual contentions as true where there is no adverse credibility finding); *see also Gui v. INS,* 280 F.3d 1217, 1227 (9th Cir.2002) ("Where ... a petitioner provides some corroborative evidence to strengthen his case, his failure to produce still more supporting evidence should not be held against him.").

The totality of the evidence, therefore, compels a finding that Xiao is eligible for withholding of removal. *See Kataria,* 232 F.3d at 1115.

■ Because the multiple beatings and electric shock constitute past torture by the government, and given our conclusion that it is more likely than not that Xiao would be persecuted again upon return to China, we conclude that Xiao is also eligible for CAT relief. *See, e.g., Al–Saher v. INS,* 268 F.3d 1143, 1147 (9th Cir.2001), *as amended* 355 F.3d 1140 (9th Cir.2004) (holding that actions that were "specifically intended by officials to inflict severe physical pain on [the applicant]" constituted torture); *Kamalthas v. INS,* 251 F.3d 1279, 1280, 1283 (9th Cir.2001) ("[C]ountry conditions alone can play a decisive role in granting relief under the Convention.").

**PETITION FOR REVIEW GRANTED.**